# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILAGRO QUINONES, as guardian of ) <br> CHRISTOPHER QUINONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHICAGO OFFICER NOEL ARIEZAGA, et al. ) <br> ) <br> Defendants. ) | CASE NO.: 07-CV-0004 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs move to vacate this Court's order dated February 6, 2008 which dismissed their claims against Defendant Cook County for want of prosecution. The Court's dismissal was based upon Plaintiffs' repeated failure to appear before the Court and for their failure to respond to Defendant Cook County's motion to dismiss filed in October of 2007. The Court construes Plaintiffs' motion to vacate as a request for relief from a final order under Fed. R. Civ. P. 60(b) due to excusable neglect and brought within a reasonable time as required under Fed. R. Civ. P. 60(c). Plaintiffs' motion to vacate the Court's dismissal order is granted based upon this Court's finding of excusable neglect. However, the Court reinstates Defendant Cook County's motion to dismiss (DE 51), which was pending at the time the case against Defendant Cook County was dismissed for failure to prosecute. Defendant Cook County's motion to dismiss is granted.

**I.    Analysis**

    **A.    Plaintiff's Motion to Vacate the Dismissal For Failure to Prosecute**

In support of their motion to vacate, Plaintiffs present the following circumstances: (1) Plaintiffs acted with reasonable promptness in filing their motion to vacate this Court's February 6,

2008 order; (2) Plaintiffs have a valid cause of action and will be unfairly prejudiced if the dismissal order stands; and (3) Plaintiffs' failure to appear was not willful but rather the result of excusable neglect. Defendant Cook County opposes Plaintiffs' motion, and requests in the alternative that if the Court chooses to vacate its dismissal for want of prosecution, the Court then reinstate Cook County's motion to dismiss Plaintiffs' claims on the merits.

Plaintiffs properly point out that a dismissal for failure to prosecute is a harsh sanction. See Plaintiff's Motion, DE 77, ¶ 33 (citing *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (citations omitted)). However, at the time that the Court entered its order dismissing Plaintiffs' case against Defendant Cook County, Plaintiff had failed to appear before the Court on two occasions over a two-month period, failed to participate in the filing of a status report, and failed to file a response to Defendant Cook County's motion to dismiss. In addition, the Court had warned Plaintiffs that the case would be dismissed for failure to prosecute if counsel failed to appear.

Nevertheless, given Plaintiffs' counsel's representations concerning his attempts to contact the Court on February 6, 2008, the date on which the dismissal order was entered, the Court will grant the motion to vacate. The Court construes Plaintiff's motion to vacate as a request for relief under Fed. R. Civ. P. 60(b)(1), which permits the Court to grant relief from a final order or decision based upon a showing of excusable neglect. The motion must be brought within a "reasonable time," and Plaintiffs have satisfied that requirement here. See Fed. R. Civ. P. 60(c). Plaintiffs' counsel represents that he attempted to appear for the status scheduled on February 6, 2008, and that for a series of reasons, including the loss of his docket clerk and some confusion regarding the time of the status, he failed to appear at the appropriate time. Plaintiffs' counsel represents that he spoke with this Court's deputy to notify the Court of his mistake. Given this Court's broad discretion

2

afforded in determining the excusable neglect of counsel (see *Harrington v. City of Chicago*, 433 F.3d 542, 547 (7th Cir. 2006)), the Court finds that Plaintiffs' representations rise to the level of excusable neglect on the part of Plaintiffs' counsel. Given the harshness of the order entered, the reasonable time within which Plaintiffs sought relief from the dismissal order, and counsel's representations regarding his efforts to appear before this Court, the Court grants the motion to vacate pursuant to Fed. R. Civ. P. 60(b)(1).

Plaintiffs' case against Defendant Cook County is reinstated, as set forth at Count X of the Second Amended Complaint (DE 39). The Court cautions Plaintiffs' counsel that multiple attorneys of record have filed their appearance on Plaintiffs' behalf in this case and that the series of missteps that led to the entry of the dismissal for want of prosecution easily could have justified denial of Plaintiffs' motion to vacate. Given those transgressions, the Court is not likely to be as forgiving in the future if counsel fails to promptly respond to due dates and orders in this matter, and to appear before this Court when required to do so, as any other party is required to do.

**B.     Defendant Cook County's Motion to Dismiss**

The Court struck Defendant Cook County's motion to dismiss in its February 6, 2008 order as moot based upon its decision to dismiss the case against Defendant Cook County for failure to prosecute. In its opposition to Plaintiffs' motion to vacate (DE 81), Defendant Cook County requests that the Court reinstate its motion to dismiss (DE 51) in the event that the Court determines it appropriate to vacate its prior dismissal of the suit against it for failure to prosecute. Given the Court's determination to reinstate Plaintiffs' claims against Defendant Cook County, the Court reinstates Defendant Cook County's motion to dismiss.

Defendant Cook County filed its motion to dismiss Count X, the only count brought against it in this action, on October 9, 2007. See DE 51. Plaintiffs failed to respond to the motion. Defendant Cook County filed a statement on December 3, 2007, the date on which its reply was due, indicating that it would not file a reply given the absence of a response brief from Plaintiffs. See DE 68.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Cook County contends that Plaintiffs have failed to state a claim against it in Count X because Cook County is not a proper defendant as a matter of law. Given the Plaintiffs' failure to respond, the Court rests its analysis on the assumed truthfulness and liberal construction afforded with respect to their Second Amended Complaint. See *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) (noting that under Rule 12(b), a district court need not give a plaintiff notice and "reasonable opportunity" to contradict to a dismissal motion, unlike a summary judgment motion, and that a plaintiff may rest on his or her complaint to withstand dismissal). In Count X of its Second Amended Complaint, Plaintiffs allege that Defendant Cook County is responsible for the unconstitutional detainment of Plaintiff Christopher Quinones, a minor, at the Cook County Juvenile Center. Specifically, Plaintiffs contend that Cook County imposes and follows unconstitutional policies regarding the detention of juveniles over weekends and holidays in violation of the Fourth Amendment of the United States Constitution. See Plaintiffs' Second Amended Complaint, DE 39, at ¶¶ 76-78.

Under Rule 12(b)(6), dismissal is appropriate if, as a matter of law, Plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court must accept as true the facts plead in the complaint and all

4

reasonable inferences to be drawn from those facts, in the light most favorable to the plaintiff. See *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

Even assuming all facts are true as set forth in Count X, it appears that Plaintiffs have brought their Fourth Amendment claim of unconstitutional detainment of Plaintiff Christopher Quinones after his arrest against an improper defendant. The Illinois Constitution delineates and vests authority in the persons responsible for setting the place and time for holding court in Illinois. See Ill. Const. Art. VI, Section 7. According to Article VI, Section 7 governing Judicial Circuits in Illinois, including the Circuit Court of Cook County, "[s]ubject to the authority of the Supreme Court, the Chief Judge [of the Circuit Court] shall have general administrative authority over his court, including authority to provide for divisions, general or specialized, *and for appropriate times and places of holding court.*" *Id.* (emphasis added). The Illinois Supreme Court further provided, under Illinois Supreme Court Rule 21 established under Article VI of the Illinois Constitution, that the Chief Judge of each circuit "may enter general orders in the exercise of his general administrative authority, including orders providing for the assignment of judges, general or specialized division, and *the time and place for holding court.*" ILCS S. Ct. Rule 21(b) (emphasis added). Illinois Supreme Court Rule 21 makes clear that the Chief Judge holds the power to determine when court is held.

Under the powers granted by the Illinois Constitution and further defined in Illinois Supreme Court Rule 21, the Chief Judge of the Circuit Court of Cook County issued General Order No. 16.1, "Duties of the Presiding Judge of the Juvenile Justice Division," which vests the authority and responsibility over the juvenile court system in the Presiding Judge of the Juvenile Justice Division. See Ill. Orders 2006-6, amended March 1, 1995. Specifically, General Order No. 16.1 vests the

5

Presiding Judge of the Juvenile Justice Division with the responsibility over the "prosecution of a minor thirteen (13) years of age or over, under the criminal law in accordance with the provisions of 705 ILCS 405/5-4(3)(a) [now 705 ILCS §§ 405/5-120, 405/5-125, 405/5-805, and 405/5-130] of the Juvenile Court Act." *Id.*

Furthermore, Illinois law addressing the substantive issue here — the pre-trial detention proceedings related to a juvenile — makes clear that the courts are responsible for setting the parameters of proceedings related to detainment prior to a probable cause hearing consistent with the Juvenile Court Act of Illinois (the "Act"). The Act sets forth very specific procedures to be followed by the arresting law enforcement officer or more often, a juvenile law enforcement officer, regarding the detainment of a juvenile arrested without a warrant. See, *e.g.*, 705 ILCS §§405/5-405, 405/5-410, 405/5-415. The Act makes clear that when a juvenile law enforcement officer reasonably believes it is necessary to keep the minor in custody, he must "deliver the minor without unnecessary delay to the court or to the place designated by rule or order of court for the reception of minors." 705 ILCS § 405/5-405(3)(c); see also *People v. Clayborn*, 90 Ill. App. 3d 1047, 1050-1051 (1st Dist. 1980) (noting that the legislature meant for the court to provide prompt detention hearings). Thus, the court, and not the County or its officers, sets the procedures for processing minors within the stricture of the Act.

In sum, on the basis of the arguments advanced by Defendant Cook County, the absence of any response by Plaintiffs' to Cook County's assertion that it is an improper defendant, and the Court's own research, the Court finds no basis under Illinois law for maintaining an action against Cook County as the entity responsible for the allegations of unconstitutional detainment of Plaintiff

Christopher Quinones. Because Defendant Cook County is not the proper defendant for Plaintiffs' claims set forth at Count X, Defendant Cook County's motion to dismiss is granted.

**II.    Conclusion**

For the reasons stated above, Plaintiffs' motion to vacate this Court's February 6, 2008 dismissal of Plaintiffs' claims against Defendant Cook County for want of prosecution (DE 77) is granted. Defendant Cook County's motion to dismiss for failure to state a claim (DE 51) is reinstated and granted. Plaintiffs will be permitted to seek leave to file an amended complaint against a proper defendant, if any basis for such amendment exists, on or before April 30, 2008.

Dated: March 31, 2008

_____
Robert M. Dow, Jr.
United States District Judge